[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Leonard Cothron appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, following his plea of no contest, of possession of crack cocaine, in violation of R.C.2925.11(A). A confidential police informant had purchased crack cocaine from Cothron at his apartment. Based upon this information, police executed a search warrant and arrested Cothron. In three assignments of error, Cothron now contests the overruling of his motion to suppress, the trial court's acceptance of his plea, and its failure to grant another continuance.
In his first assignment of error, Cothron asserts that the trial court erroneously overruled his motion to suppress the crack cocaine seized from him. He claims that a police officer materially misrepresented facts to obtain the warrant to search his apartment.
At a suppression hearing, the trial court is the trier of fact and is in the best position to evaluate the credibility of the witnesses and the evidence, and to resolve factual disputes. See State v. DePew (1988),38 Ohio St.3d 275, 277, 528 N.E.2d 542; see, also, State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In this case, the trial court was entitled to credit the testimony of the police officers concerning the controlled drug purchase. Moreover, the trial court was entitled to give little or no credence to the testimony of Cothron's mother and girlfriend that Cothron was not at the residence at the time of the confidential informant's "drug buy." See State v. DePew; see, also, State v. Deters (1998),128 Ohio App.3d 329, 714 N.E.2d 972. The assignment of error is overruled.
Cothron's second assignment of error, in which he asserts that the trial court failed to determine if his no-contest plea was voluntarily made before accepting it, is overruled. The trial court fully complied with Crim.R. 11(C)(2)(a) when it personally addressed Cothron, who had completed two years of college, and inquired whether his plea was being entered of his own free will and whether any party had made threats or promises to secure the plea.
In his third assignment of error, Cothron contends that the trial court abused its discretion when it failed to grant his oral motion, made on the morning of trial, to continue the trial date. The record reflects that the prosecution had been pending for six months, that the trial court had continued the suppression hearing four times, that two months had passed between the denial of the motion to suppress and the trial date, that the state's four witnesses were present in court, that Cothron was represented by competent, appointed counsel, and that his motion for a continuance was for the purpose of consulting private counsel "to decide whether or not what [appointed counsel] told him is appropriate."
Given this pretrial history, we cannot say that the trial court's decision to deny another continuance and to go forward was unreasonable, arbitrary, or unconscionable. The reasons advanced by the trial court for going forward were entirely in accordance with those set forth by the Ohio Supreme Court as proper factors to consider in denying a motion for a continuance. See State v. Unger (1981), 67 Ohio St.2d 65, 67-68,423 N.E.2d 1078; see, also, State v. McIntosh (2001), 145 Ohio App.3d 567,577-578, 763 N.E.2d 704. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.